J-A13001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.A.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: K.A.W., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 973 MDA 2022 |

Appeal from the Order Entered June 2, 2022
In the Court of Common Pleas of Dauphin County Juvenile Division at
No(s):  CP-22-JV-0000375-2020

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

DISSENTING STATEMENT BY STEVENS, P.J.E.: **FILED: NOVEMBER 14, 2023**

I respectfully dissent.  The trial court, sitting as finder of fact in Appellant's adjudication hearing, found the evidence sufficient to establish that the thirteen-year-old adolescent boy intended to touch the six-year-old female victim's genitalia for the purpose of arousing sexual desire in himself. According to the victim, Appellant was playing a video game with siblings in his bedroom when he positioned himself behind her and reached around to touch her genitalia over her clothing, stopping only when she said she was going to tell on him.  N.T., 10/13/21, at 8-9.  Though apparently of brief duration, the touching was of significant enough degree to cause the victim's genitalia to start itching.  N.T. at 9.

---

[*] Former Justice specially assigned to the Superior Court.

When viewed in a light most favorable to the Commonwealth as verdict winner, the evidence sufficed to support Appellant's adjudication of delinquency. The indecent assault statute at 18 Pa.C.S. § 3126(a)(7) proscribes "indecent contact", which term is defined at Section 3101 of the Crimes Code as "*[a]ny touching* of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101 (emphasis added). Given the Appellant's age, the manner in which he secured the victim from behind, the direct touching of the victim's genitalia, and the victim's report that she endured genital itching for some time afterward, the trial court's determination that he acted with proscribed intent was supported by sufficient evidence. Accordingly, I dissent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2023

- 2 -